**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

**UNITED STATES OF AMERICA,**

                    **Plaintiff,**

**v.**

**13-CV-503S(Sr)**

**NIAGARA COUNTY, NEW YORK,**

                    **Defendant.**

_____

**DECISION AND ORDER**

This case was referred to the undersigned by the Hon. William M. Skretny, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.  Dkt. #7.


Plaintiff, United States of America, commenced this action on May 13, 2013, against Niagara County, alleging that Niagara County violated Title VII of the Civil Rights Act of 1964, as amended, Title 42, U.S.C. § 2000e, *et seq.* ("Title VII") when it discriminated against Correction Officer Carisa Boddecker on the basis of her sex and/or pregnancy.  Dkt. #1.  More specifically, the United States alleges that Niagara County violated its own pregnancy policy when it revoked her restricted duty assignment and forced her to take an extended leave of absence from her job with the Niagara County Sheriff's Office during her 2007-2008 pregnancy.  Presently pending is the United States' motion to compel defendant Niagara County to provide full and complete responses to plaintiff's first set of interrogatories and first request for production of documents.

## DISCUSSION AND ANALYSIS

**Interrogatory No. 8 and Request for Production No. 19**

In its motion, the United States summarizes that, "[t]aken together,

Interrogatory No. 8 and Request for Production No. 19 request information and

documentation regarding any pregnancy-related accommodation request made by

correction officers from January 1, 2005 through the present." Dkt. #16, p.5.  More

specifically, in Interrogatory No. 8, the United States requests Niagara County to,

> [i]dentify every request by a correction officer for an
> accommodation due to a pregnancy considered by Niagara
> County at any time from January 1, 2005 through the
> present.  For each such request, state the name of the
> correction officer who made the request, the date of the
> accommodation request, whether the request was granted,
> the terms of the accommodation that was made, and the
> dates of the accommodation.

Dkt. #16-3, p.4.   In the related request for production (Request for Production No. 19),

the United States requests, "[a]ll documents, including ESI [Electronically Stored

Information], relating to any requests for accommodations due to pregnancy by

correction officers from January 1, 2005 through the present." Dkt. #16-4, p.6.  In its

October 29, 2013 response to Interrogatory No. 8, Niagara County stated that for the

period 2007 through 2008, the only employee affected was Carisa Boddecker.  Dkt.

#24, p.7.

Although in its response to the instant motion, Niagara County maintains

that the United States' request for information concerning any request for

accommodation due to pregnancy from January 1, 2005 through the present is

overbroad, Niagara County does state that in its February 2014 document production, it

2

did produce responsive documents.   Dkt. #24, p.7.   According to Niagara County, in addition to Ms. Boddecker, it identified four other corrections officers who were pregnant during the requested time period, Employees 1 through 4, and Niagara County disclosed the personnel files for those employees.   In the context of its response to the instant motion, Niagara County purports to clarify that with respect to Employees 1 and 4, although those employees had pregnancies during the requested time period, neither specifically requested restricted duty.   Dkt. #24, p.8.   In sharp contrast, the United States points out in its reply that publicly available documents suggest that Niagara County's statement as it relates to Employee 1 is inaccurate.   "For instance, the personnel files for Employee 1 and Employee 4 contain no information about any pregnancy-related restricted duty request, and Defendant now states in its Opposition ("upon information and belief") that these employees never made such requests. However, publically available court documents from a lawsuit filed by Employee 1 indicate that she did make a restricted duty request while pregnant and filed an EEOC charge with allegations similar to the instant action."  Dkt. #27, pp.5-6.


               With respect to Employee 2, the United States maintains that the documents Niagara County references as being responsive to Interrogatory No. 8 and Request for Production No. 19 are, in fact, not responsive.   Specifically, the United States argues,

> [a]s for Employee 2, Defendant cites three documents as evidence it provided the date of the employee's restricted duty request.  *See* Dkt. No. 24 ¶ 38.   The referenced documents are doctor's notes, not restricted duty requests, and there is no indication when these notes were provided to Defendant.   Exhibit 2, pp.2-4, NICO08165, 08163, 08155.

> Despite Defendant's inference, a doctor's note alone (or three different notes) does not answer when the employee made a restricted duty request to Defendant – particularly given that these notes appear to refer to two different pregnancies with separate restricted duty requests.

Dkt. #27, p.6.   Finally, with respect to Employee 3, identified by defendant Niagara County as an employee who had requested an accommodation due to pregnancy for the period January 1, 2005 to the present, the United States asserts that the documents identified by Niagara County as responsive to the requests are once again insufficient. Specifically, in its opposition to the instant motion, Niagara County claims that it provided the end date of Employee 3's pregnancy-related restricted duty by identifying a document stating the employee's anticipated due date.   This, according to the United States, is not responsive to the question of the last date on which the employee was provided restricted duty.   *See* Dkt. #27, p.6.

The Court agrees that Niagara County's responses to Interrogatory No. 8 and Request for Production No. 19 are deficient and incomplete.   Accordingly, the United States' motion to compel is granted and defendant Niagara County is hereby ordered to supply the requested information to every subpart to Interrogatory Request No. 8, along with the supporting documentation as requested in Request for Production No. 19.

**Interrogatory No. 9 and Request for Production No. 20**

Interrogatory No. 9 and Request for Production No. 20 seek information regarding all non-pregnancy related requests and accommodations provided to

4

correction officers at the Niagara County Sheriff's Office.  Specifically, in Interrogatory

No. 9, the United States requests Niagara County to:

> [i]dentify every request by a correction officer for an accommodation due to a temporary medical condition or disability (other than pregnancy) considered by Niagara County at any time from January 1, 2005 through the present.  For each such request, state the name of the correction officer who made the request, the date of the accommodation request, the medical reason for the request, whether the medical condition was work-related, whether the request was granted, the terms of the accommodation that was made, and the dates of the accommodation.

Dkt. #16, p.7.   Request for Production No. 20 seeks the related documentation

regarding accommodation requests due to temporary medical conditions, other than

pregnancy, made by correction officers from January 1, 2005 through the present.   In

the instant motion, the United States admits that in its original response, Niagara

County provided the names of five individuals who "may" be responsive to the request.

Thereafter, Niagara County provided the United States with twenty-five personnel files

purportedly in response to Interrogatory No. 9 and Request for Production No. 20.

However, many of the personnel records do not provide the information requested.

Specifically, in the instant motion, the United States identifies the following deficiencies:

> • Employee 5's file does not detail the date of his restricted duty request or the dates restricted duty was provided;
> • Employee 6's file does not specify the date of his restricted duty request;
> • Employee 7's file does not detail Niagara County's response to his request;
> • Employee 8's file does not include dates of her restricted duty request or dates restricted duty was provided;
> • Employee 9's file does not specify the date of his restricted duty request or the dates restricted duty was provided;
> • Employee 10's file does not specify his relevant medical condition nor does it detail the dates that restricted duty was provided;

• Employee 11's file does not specify her medical condition;
• Employee 12's file does not indicate whether his 2012 accommodation request was granted or the terms of any accommodation that was made (if any);
• Employee 13's file does not specify his relevant medical condition;
• Employee 14's file does not indicate whether his October 2007 accommodation request was granted, and under what terms, prior to its November 2007 revocation;
• Employee 15's file does not indicate whether her 2006 accommodation request was granted or the terms of any accommodation that was made (if any);
• Employee 16's file does not state the end date of his restricted duty assignment; and
• Employee 17's file does not specify his relevant medical condition in 2006 or any information on whether he made a restricted duty request, whether it was granted, the relevant dates, or the terms of the accommodation that was made (if any).

Dkt. #16, pp.8-9.  Moreover, the United States cites an additional six individuals identified in the EEOC investigation who made accommodation requests during the relevant time period, Ronnell Goodenough, Michael Licata, Richard Atkin, Joseph Nowocian, Donna Dear, and David Eaton.  Dkt. #16, pp.9-10.  In its response to the instant motion, Niagara County states that in its original response, it had identified five individuals who may be responsive, Licata, Atkins, Dear, Nowocian and Employee 14.  Dkt. #24, p.10.  Niagara County further claims that it disclosed responsive documents relative to Employee 14 in February 2014 and that documents pertaining to the other individuals would be forthcoming.  *Id.*  With respect to employee Eaton, Niagara County states that it was the EEOC who had requested information on Eaton and that in fact, Eaton's restricted duty took place in 1995, outside the date range identified by the United States.  Also in its response to the instant motion, Niagara County endeavors to address each of the deficiencies identified in the United States' motion.  In its reply, the United States again complains that for the most part Niagara County's efforts to clarify

6

and explain its responses are inadequate.  Dkt. #27, pp.7-8.  The United States does

indicate in footnote 7 that based on Niagara County's response and its later submission,

the United States withdraws its motion to compel regarding Richard Atkin, Ronnell

Goodenough, Donna Dear and Employee 7.  With respect to the specific deficiencies

enumerated in the United States' motion and reply, the United States' motion to compel

is granted and Niagara County is directed to provide complete responses to each

interrogatory and request for production.  Defendant Niagara County is reminded that

pursuant to Federal Rule of Civil Procedure 37(a)(4), "an evasive or incomplete

disclosure, answer, or response must be treated as a failure to disclose, answer or

respond."


**Interrogatory No. 10 and Request for Production No. 21**

Generally, these discovery requests seek information on correction

officers who received sick leave at half pay pursuant to the collective bargaining

agreement.  More specifically, the United States requests Niagara County to:

> [i]dentify every request by a correction officer for sick leave
> at half pay considered by Niagara County at any time from
> January 1, 2005 through the present. For each such request,
> state the name of the correction officer who made the
> request, the date of the request, the reason for the request,
> whether the reason for the request was work-related,
> whether the request was granted, and the dates for which
> sick leave at half pay was provided.

Dkt. #16, p.11.  In its initial response, Niagara County offered what the United States

has characterized as an ambiguous response stating, in part, that no employees

"definitively received" sick leave at half pay between November 2007 and March 2008.

*Id.*  However, in its response to the instant motion, Niagara County claims to have disclosed documents and that additional documents would be disclosed.  Dkt. #24, p.16.  In addition, Niagara County reiterates its objection to the requests concerning the United States' desire to obtain a "reasonable number of comparators without making any attempt at quantifying how many are reasonable."  Dkt. #24, p.16.  This Court concludes that the United States' request is reasonable and seeks relevant information, therefore, the United States' motion to compel is granted.  To the extent that Niagara County has not yet fully responded to the interrogatory or disclosed all responsive documents, it is hereby directed to do so.

**Interrogatory Nos. 14 and 15 and Request for Production No. 10**

It is alleged in the complaint that on October 24, 2007, one day after Carisa Boddecker's doctor faxed a note to the Niagara County Sheriff's Office stating that Boddecker was "to have no immediate contact with the inmate population.  Carissa is only able to work 8.25 hours per day", the Niagara County Sheriff's Office revised its pregnancy policy and the revision was to have retroactive effect to October 5, 2007.  Dkt. #1, ¶¶12-13.  Interrogatories 14 and 15 ask Niagara County to identify all persons involved in the decision to rescind Policy 1713 in 2012, to describe each person's role and to describe the reasons for the rescission.  Similarly, Request for Production No. 10 seeks,

> [a]ll documents, including ESI, relating to any changes to, or rescinding of, any policies, practices, or procedures described in Request 9 from January 1, 2007 through the present. This request includes, but is not limited to, documents showing who was involved in any such actions, why such actions were undertaken, what other actions were

considered, and any draft policies or other documents
created during the decision-making process.

Dkt. #16, p.12.  Niagara County objected to the interrogatories and request for

production claiming the requested information was not relevant and was protected by

privilege.  Niagara County has produced some documents and later produced an initial

privilege log identifying seven documents it maintains are responsive, yet privileged.

In support of the instant motion, the United States argues,

> The information sought is highly relevant. Upon information
> and belief, Niagara County issued a revised Policy 1713 the
> day after CO Boddecker submitted her medical information
> supporting her restricted duty request in October 2007,
> enforced the policy retroactively against her, informally
> stopped enforcing the policy immediately after her
> pregnancy, never enforced the policy against any other
> correction officer, and formally rescinded the policy in 2012.
> This entire process of implementing and then rescinding the
> revised policy is relevant to whether CO Boddecker was
> singled out for less favorable treatment on the basis of her
> pregnancy and/or sex.

Dkt. #16, p.13.  According to the United States' reply, "[d]efendant subsequently

provided an "initial" seven-document privilege log and declared the United States'

demand to be "moot." *See* Dkt. No 25, p. 3. None of these documents has any apparent

relation to Policy 1713, the primary issue over which Defendant is asserting a privilege.

By failing to provide a complete privilege log, Defendant has made it impossible for the

United States to undertake any meaningful assessment or specific challenge to

Defendant's assertion of privilege." Dkt. #27, p.9.  Defendant Niagara County is hereby

directed to respond to Interrogatory Nos. 14 and 15.  Defendant Niagara County is

hereby further directed to supply the Court, *in camera*, with a copy of the privilege log

and the documents it believes are responsive to the request, but protected by the

attorney-client privilege or constitutes material prepared in anticipation of litigation.

**Request for Production No. 23**

> In its Request for Production No. 23, the United States seeks
>
> > [a]ll documents, including ESI, relating to any formal or
> > informal complaints of discrimination on the basis of sex
> > and/or pregnancy made by female correction officers with
> > the Niagara County Sheriff's Office from January 1, 2005
> > through the present. This includes, but is not limited to,
> > formal and informal internal complaints, complaints filed with
> > the EEOC or equivalent state agency, and lawsuits.

Dkt. #16, p.14.  In its motion, the United States admits that in February 2014, Niagara

County disclosed a 27-page response to this request which included documents relating

to retaliation complaints by Employee 1, as well as a one-page complaint by Employee

8.  The United States asserts in its motion that it believes that Employee 1 made

multiple internal complaints followed by a charge with the EEOC in 2006 alleged

pregnancy-related discrimination under circumstances similar to those alleged by CO

Boddecker.  Dkt. #16, p.15.  In its response, Niagara County states that in addition to its

February 2014 document production, it "has other documents which may be responsive

to this demand and will produce those under separate cover." Dkt. #24, p.18.  To the

extent that Niagara County has not fully complied with this request, it is hereby ordered

to make the requested disclosures.

**SO ORDERED.**


DATED:      Buffalo, New York
            October 30, 2014


                              _s/ H. Kenneth Schroeder, Jr._
                              **H. KENNETH SCHROEDER, JR.**
                              **United States Magistrate Judge**