**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

**UNITED STATES OF AMERICA,**

                     **Plaintiff,**

**v.**

**NIAGARA COUNTY, NEW YORK,**

                     **Defendant.**

**13-CV-503S(Sr)**

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. William M. Skretny, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.  Dkt. #7.

Plaintiff, United States of America, commenced this action on May 13, 2013, against Niagara County, alleging that Niagara County violated Title VII of the Civil Rights Act of 1964, as amended, Title 42, U.S.C. § 2000e, *et seq.* ("Title VII") when it discriminated against Correction Officer Carisa Boddecker on the basis of her sex and/or pregnancy.  Dkt. #1.  More specifically, the United States alleges that Niagara County violated its own pregnancy policy when it revoked her restricted duty assignment and forced her to take an extended leave of absence from her job with the Niagara County Sheriff's Office during her 2007-2008 pregnancy.  Presently pending is the United States' motion to compel defendant Niagara County to designate Federal Rule of Civil Procedure Rule 30(b)(6) witness(es) for nine of Niagara County's

seventeen affirmative defenses raised in its Answer to the Complaint. Dkt. #32. For the following reasons, plaintiff's motion is denied without prejudice.

## FACTUAL BACKGROUND

The procedural facts relevant to the instant motion are not in dispute. The United States first served its Rule 30(b)(6) deposition notice on Niagara County on April 3, 2014. Dkt. #32-2. In that first notice, the United States enumerated seventeen areas of inquiry for which they sought the designation of a Rule 30(b)(6) witness. Specifically, request number 15 sought the designation of a witness or witnesses to testify concerning "the factual basis for all affirmative defenses and defenses asserted by Niagara County in its Answer to the Complaint." Dkt. #32-2, p.9, ¶15. In a subsequent Notice, request number 15 was re-numbered request number 11, and thereafter, the United States has referred to the request at issue as "Topic 11." On March 3, 2015, Niagara County supplied the United States with its response to the 30(b)(6) Notice in letter form. Dkt. #32-2, pp.19-23. The subsequent Notice referenced above contained thirteen requests and in its March 3, 2015 letter response, Niagara County designated a witness for eleven of the requests. Dkt. #32-2, pp.19-23. Indeed, Niagara County designated Daniel Engert as its witness in response to requests 1, 2, 4, 5, 6, 7, 8 and 9; David Watroba as its witness in response to request number 3 and Peter Lopes with respect to requests 12 and 13. With respect to the United States' request for the identification of a witness concerning "[t]he factual basis for all denials to the assertions made in the Complaint," Niagara County objected to the request on the basis that it seeks a witness to opine on a legal conclusion or assertion (request no. 10). However,

Niagara County further stated, "to the extent that the denial in question falls under one of the enumerated topics contained in the 30(b)(6) notice, the County designates the witness (or witnesses) identified for that topic."  Dkt. #32-2, p.22.  Finally, request no. 11 (also referred to as Topic 11) seeks the following 30(b)(6) designation, "[t]he factual basis for all affirmative defenses and defenses asserted by Niagara County in its Answer to the Complaint." *Id.*  In its response, Niagara County states "[t]he County objects to this request as it seeks a witness to opine on a legal conclusion or assertion. As such, the County will not designate a witness." *Id.*

Insofar as request number 11 requests the identification of a witness or witnesses to testify concerning the factual basis for all affirmative defenses and defenses, subsumed within that one request are seventeen separate requests (each relating to a single affirmative defense).  According to the United States, "[i]n an effort to compromise, on April 14, 2015, the United States offered to limit its questioning regarding Topic 11 to just nine of Niagara County's 17 affirmative defenses." Dkt. #32-1, p.3.

On June 12, 2015, Niagara County supplied the United States with the following response concerning the outstanding Rule 30(b)(6) demand.  "With respect to your request that we identify on behalf of the County pursuant to Fed. R. Civ. Pr. 30(b)(6) to testify concerning the basis for affirmative defenses set forth in the answer, we object to this request as it requires disclosure of information that is confidential or protected by privilege as an attorney-client communication, attorney work product

and/or material prepared in anticipation of litigation.  Furthermore, the request seeks information not in possession of the County and/or which was already provided through the numerous depositions already conducted." Dkt. #32-2, pp.39-41.  Thereafter, the United States filed the instant motion to compel on June 19, 2015.  Dkt. #32.

By its motion, the United States seeks an Order compelling Niagara County to designate Rule 30(b)(6) witnesses with respect to the following affirmative defenses asserted in its Answer:

> *Fifth Affirmative Defense:* At all times herein, Defendant maintained a policy prohibiting discrimination on the basis of protected status.  Boddecker unreasonably failed to file a complaint or otherwise take advantage of the preventative corrective opportunities provided pursuant to such policy.
>
> *Sixth Affirmative Defense:* Plaintiff's claims are barred in whole or in part by the doctrines of waiver, estoppel or laches.
>
> *Seventh Affirmative Defense:* Plaintiff is not entitled to some or all of the relief and/or damages sought in the Complaint.
>
> *Eighth Affirmative Defense:* Plaintiff's claims are barred in whole [sic] in part by the doctrines of collateral estoppel or res judicata.
>
> *Twelfth Affirmative Defense:* Defendant exercised reasonable care to prevent and promptly correct any alleged discriminatory conduct and Boddecker unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or to otherwise avoid harm.
>
> *Thirteenth Affirmative Defense:* To the extent that the injuries and losses alleged have been paid, replaced or indemnified, in whole or in part, from collateral sources, or with reasonable certainly will likely be paid, replaced, or indemnified in the future from such collateral sources, Plaintiff's claims for damages should be offset or reduced.

>*Fourteenth Affirmative Defense:* Plaintiff's claims are barred or limited in that Boddecker has failed to mitigate any damages which she may have suffered.
>
>*Fifteenth Affirmative Defense:* The Complaint asserts conduct which is outside the scope of the charge filed with the EEOC.
>
>*Sixteenth Affirmative Defense:* Plaintiff has failed to exhaust administrative remedies.

Dkt. #5; Dkt. #32-2, pp.26-29. In its response, Niagara County maintains that the information sought is protected by the attorney work product privilege insofar as the affirmative defenses raised are legal arguments. Dkt. #35.

## **DISCUSSION AND ANALYSIS**

Rule 30(b)(6) of the Federal Rules of Civil Procedure provides in pertinent part:

>In its notice or subpoena, a party may name as the deponent a public or private corporation . . . a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate others persons who consent to testify on its behalf; . . .

Fed. R. Civ. P. 30(b)(6).

>The testimony elicited at the Rule 30(b)(6) deposition represents the knowledge of the corporation, not of the individual deponents. The designated witness is speaking for the corporation, and this testimony must be distinguished from that of a mere corporate employee whose deposition is not considered that of the corporation and whose presence must be obtained by subpoena. . . . The Rule 30(b)(6) designee does not give his [or her] personal opinions. Rather he [or she] presents the corporation's position on the topic. Moreover, the designee must not only testify about

> facts within the corporation's knowledge, but also its
> subjective beliefs and opinions.  The corporation must
> provide its interpretation of documents and events.  The
> designee, in essence, represents the corporation just as an
> individual represents him or herself at a deposition.

*Krasney v. Nationwide Mutual Ins. Co.*, No. 3:06CV1164(JBA), 2007 WL 4365677, at *2 (D. Conn. Dec. 11, 2007).

Here, on March 3, 2015, Niagara County supplied plaintiff with its response to plaintiff's Rule 30(b)(6) Notice.  Dkt. #32-2.  In its response, Niagara County responded to eleven of the United States' thirteen requests and designated three different witnesses to address the following areas of inquiry.  With respect to matters relating to Niagara County's Initial Disclosures and Niagara County's actions to preserve, locate and produce documents, including ESI, Niagara County designated Peter Lopes.  Dkt. #32-2.  With respect to matters concerning the financial compensation and benefits provided to corrections officers with the Niagara County Sheriff's Office, Niagara County designated David Watroba.  Finally, with respect to matters of a human resources nature, such as:  the organizational structure of the Niagara County Sheriff's Office; the job description for the position of correction officer; all policies, practices, procedures, or other guidance relating to requests for accommodations due to pregnancy, temporary medical conditions or disabilities by correction officers; plaintiff's employment history; plaintiff's request for a restricted duty assignment as an accommodation; and, requests for accommodations due to pregnancy, temporary medical conditions or disabilities by other correction officers, Niagara County designated Daniel Engert as its witness.  *Id.*

In its March 3, 2015 letter, Niagara County interposed its objections to two of the United States' requests for a 30(b)(6) designation. The first was in response to the United States' request for a 30(b)(6) witness concerning "the factual basis for all denials to the assertions made in the Complaint." In its response, Niagara County stated, "the County objects to this request as it seeks a witness to opine on a legal conclusion or assertion. To the extent that the denial in question falls under one of the enumerated topics contained in the 30(b)(6) notice, the County designates the witness (or witnesses) identified for that topic." Dkt. #32-2. The second objection was to the United States' request for the designation of a 30(b)(6) witness or witnesses to testify as to the factual basis for all affirmative defenses and defenses asserted by Niagara County in its Answer to the Complaint. In its response, Niagara County states, "the County objects to this request as it seeks a witness to opine on a legal conclusion or assertion. As such, the County will not designate a witness." *Id*. Niagara County's refusal to designate a witness in response to the foregoing 30(b)(6) notice concerning its affirmative defenses and defenses is the basis on which the United States motion to compel is based. The Court notes that an available remedy to Niagara County was to seek a protective order from this Court, which it has elected not to do.

As set forth above, at issue in the instant motion are nine affirmative defenses raised by Niagara County in its Answer to the Complaint and for which the United States is seeking the designation of a 30(b)(6) witness. For purposes of the issue presented by the instant motion, Niagara County's nine affirmative defenses can

7

be divided into two categories, those which raise purely legal issues and those which are factual in nature and can be characterized as likely falling under the responsibility of Niagara County's human resources director or department.  With respect to those affirmative defenses which raise purely legal issues, the sixth, seventh, eighth, thirteenth, fourteenth and sixteenth affirmative defenses, the United States' attempt to discover facts through a 30(b)(6) deposition is not only inappropriate but overbroad, inefficient and unreasonable.  As excerpted above, the referenced six affirmative defenses raise purely legal doctrines as defenses to the allegations in the complaint, such as waiver, estoppel, laches, collateral estoppel and res judicata and the applicability of such doctrines are matters determined exclusively by the Court.  This is not to say that the United States is not entitled to develop facts to demonstrate the inapplicability of such doctrines, but rather, it is this Court's opinion that the use of a 30(b)(6) deposition is not the appropriate means to obtain otherwise discoverable information relating to these doctrines.  Accordingly, that portion of the United States' motion to compel with respect to the sixth, seventh, eighth, thirteenth, fourteenth and sixteenth affirmative defenses is denied without prejudice.

With respect to the remaining affirmative defenses at issue, the fifth, twelfth, thirteenth and sixteenth affirmative defenses, which implicate Niagara County's policies prohibiting discrimination, the plaintiff's failure to comply with preventative corrective opportunities and plaintiff's exhaustion of administrative remedies, those affirmative defenses are inherently factual in nature and would appear to this Court to fall squarely within the area of knowledge for which Niagara County previously

designated Daniel Engert as its 30(b)(6) witness.  Accordingly, the United States motion to compel with respect to the fifth, twelfth, thirteenth and sixteenth affirmative defenses is denied without prejudice.

   **SO ORDERED.**

**DATED:**  **Buffalo, New York**
     **October 29, 2015**

            ***s/ H. Kenneth Schroeder, Jr.***
            **H. KENNETH SCHROEDER, JR.**
            **United States Magistrate Judge**